UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

BARRY WILLIAMS,

                 Plaintiff,

    -against-

Board of Education; BOB ODWYER,

                 Defendants.
----------------------------------------------------------------x

NOT FOR PUBLICATION

MEMORANDUM
AND ORDER

11-CV-1347 (JG) (LB)

JOHN GLEESON, United States District Judge:

        On March 18, 2011, plaintiff Barry Williams commenced this *pro se* action alleging employment discrimination and civil rights violations.[1] Williams seeks $10 million in damages and injunctive relief. I grant Williams's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. I dismiss the complaint but grant Williams leave to amend his complaint within 30 days as set forth below.

BACKGROUND

        Williams alleges that he was suspended in July 2005 from his position as a "handyman/fireman for I.S. P.S. 21 in Bklyn NY" because he had been falsely arrested for assaulting his wife. (Compl. at 2.) Thereafter, Williams alleges he was "fired in arbitration court trial" and that "the discriminatory actions of Bob Odwyer [his site manager at the school] cost me my career and years and years of financial grievances." (*Id.*) Williams seeks $10 million in damages and reinstatement "back to his position as school custodian, handyman, fireman in NYC school where I started." (*Id.*)

---

       1      Williams filed another civil action against different defendants on the same date. *See Williams v. Elliot*, No. 11-CV-1348 (JG)(LB) (filed Mar. 18, 2011).

DISCUSSION

A.   *Standard of Review*

In reviewing the complaint, I am mindful that Williams is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quotation marks and ellipsis omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a complaint filed *in forma pauperis* may be dismissed "at any time" upon determination that the action is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Where a liberal reading of the pleading "gives any indication that a valid claim might be stated," I must grant leave to amend it at least once. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quotation marks omitted).

B.   *Civil Rights and Discrimination Claims*

Williams alleges "violation of civil rights" and "employment discrimination." (Compl. at 1, ¶ III.) An action for the violation of civil rights is commenced under 42 U.S.C. § 1983 and requires Williams to allege that "the conduct complained of [was] committed by a person acting under color of state law," and that "the conduct complained of . . . deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). The statute of limitations for a § 1983 action arising in New York is three years, *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994), and in most cases a cause of action under § 1983 accrues "when the plaintiff knows of or has reason to know of the injury which is the basis of his action," *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002) (internal quotation marks omitted).

Here, Williams alleges he was fired from his job in 2005; thus, he knew of the injury on which his action is based in 2005. The statute of limitations therefore began to run on Williams's claim at that time. *See Pearl*, 296 F.3d at 89. Williams did not commence this action until March 18, 2011, well after the three-year statute of limitations had elapsed. Williams's complaint does not suggest a basis for equitable tolling, and therefore plaintiff's § 1983 claims are time-barred.

Williams also alleges "employment discrimination," but that claim is merely a legal conclusion that is not supported by any facts set forth in the complaint. Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex [gender] or national origin." 42 U.S.C. § 2000e-2(a)(1). In New York, a charge of discrimination must be filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the discriminatory act. *Id.* § 2000e-5(e)(1). Once the EEOC issues a determination or a right to sue notice, the plaintiff must then file a civil action in federal court within 90 days.

Here, plaintiff alleges he was suspended by defendant Odwyer based on his arrest for assaulting his wife[2] and not on any prohibited factor set forth in Title VII. Moreover, Williams does not allege that he filed a timely charge of employment discrimination with any federal, state or local agency. Williams must exhaust his EEOC remedies before filing an employment discrimination action in federal court, *Fleming v. Verizon New York, Inc.*, 419

---

2  Although Williams alleges that his wife died on July 27, 2005 -- unrelated to his arrest -- he does not provide the results of any criminal proceedings against him.

3

F.Supp.2d 455, 462 (S.D.N.Y. 2005) (citations omitted), and must allege that he was suspended based on a ground that is prohibited by Title VII.

CONCLUSION

The complaint, filed *in forma pauperis*, is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). In light of Williams's *pro se* status, I grant him leave to file an amended complaint as to any civil rights and employment discrimination claims within 30 days from the entry of this order. All proceedings shall be stayed for 30 days or until Williams files an amended complaint, whichever is earlier.

If Williams elects to file an amended complaint, that submission should be captioned "AMENDED COMPLAINT" and bear the same docket number as this order, 11-CV-1347 (JG)(LB). The amended complaint shall replace the original complaint and shall be reviewed pursuant to 28 U.S.C. § 1915(e)(2)(B). In the amended complaint, Williams must provide a statement of claim, including the date(s) of all relevant events and a brief description of what the defendant allegedly did or failed to do that violated his civil rights. As to any employment discrimination claim, Williams must provide a description of the discriminatory conduct, the basis for the discrimination, the date of the discriminatory conduct, and the date on which he filed a charge of discrimination. Williams should also attach a copy of a determination or right to sue notice from the EEOC. If Williams elects to pursue his employment discrimination claim with the EEOC, he shall inform the court within 30 days that he has done so and at that time shall request an extension of his time to file an amended complaint so that he may provide the EEOC's response to his claim. If either the civil rights or the employment discrimination claim is time-barred, Williams should provide facts to explain his delay, *i.e.*, to support equitable tolling. *Abbas v. Dixon,* 480 F.3d 636, 642 (2d Cir. 2007).

If Williams fails to file an amended complaint within 30 days from the entry of this order, judgment shall enter dismissing the complaint for the reasons set forth herein. 28 U.S.C. § 1915(e)(2)(B). I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

JOHN GLEESON, U.S.D.J.

Dated: Brooklyn, New York
April 5, 2011